UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 6: 05-69-DCR |
| Plaintiff/Respondent, ) | and |
| ) | Civil Acton No. 6: 07-229-DCR |
| V. ) | |
| ) | |
| TRACY MICHELLE JONES, ) | |
| ) | **MEMORANDUM OPINION** |
| Defendant/Petitioner. ) | **AND ORDER** |

*** *** *** ***

This matter is currently pending for consideration of Defendant/Petitioner Tracy Michelle Jones' motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. Because the Court finds that the applicable one year period for requesting such relief has expired, the Court will deny the relief sought.

   **I.     Procedural History**

On November 10, 2005, Petitioner Jones enter a guilty plea to a charge of possession with intent to distribute five grams of methamphetamine. The non-binding Plea Agreement tendered to the Court in conjunction with the Petitioner's guilty plea contained a factual statement which outlined her relevant conduct. In part, the Plea Agreement provided in paragraph three that:

> on or about May 16, 2005, in Pulaski County in the Eastern District of Kentucky, a search took place at the residence of this defendant and Sherman Vaught. This defendant was present when the search began and Sherman Vaught arrived shortly thereafter. During the course of that search over 5 grams of actual methamphetamine was recovered. Located in the back closet was a .357 magnum pistol. A .22 caliber Ruger pistol was located on the kitchen table. The sum of $300.00 was located in a hamper.

[See Record No. 45; Plea Agreement, ¶ 3.] The Plea Agreement also provided that, while Petitioner Jones waived the right to appeal or collaterally attack her guilty plea and conviction, she retained the right to appeal her sentence. [See Record No. 45; Plea Agreement, ¶ 7.]

While Petitioner Jones currently claims that she did not know she might receive an enhancement for possession of a firearm prior to the time her plea was entered, that representation is specifically refuted by the discussions occurring during the plea hearing. After the Assistant United States Attorney reviewed the relevant provisions of the Plea Agreement, the Court inquired as follows:

> THE COURT: There's a reference to firearms in your factual statement.
>
> MR. WEST: Yes.
>
> THE COURT: Which, of course, I'll have to make a determination prior to sentencing about whether any enhancement should be applied based on firearms, which could also affect the safety valve issue in the case. I want to make sure that you're certainly aware of that and you understand that this is not a binding plea agreement on the Court and that I would have to make those determinations at the time of sentencing in this case.
>
> MR. WEST: Absolutely, your Honor. That has been discussed with Ms. Jones. There were three firearms present in the residence. Ms. Jones indicates the firearms belong to the codefendant, and the codefendant will be apprised of that situation. Ms. Jones has given a full and complete statement which we believe to be truthful, your Honor; but likewise, she reserves the right to contest that. If she has the three levels for the firearms, that throws out the safety valve consideration.
>
> THE COURT: I want to be sure the parties understand this is a nonbinding plea agreement. I think some of the recent cases from the Sixth Circuit have instructed the Court to make sure the parties are aware of that, so that's why I want to check on that issue.
>
> MR. WEST: Thank you, your Honor.

THE COURT: Mr. Hibbard, did you hear Mr. West as he was going through the essential terms of the plea agreement?

MR. HIBBARD: Yes, your Honor.

THE COURT: Did he accurately summarize it, as far as you understand it?

MR. HIBBARD: He did, your Honor.

THE COURT: [Do] you also confirm that this is a nonbinding plea agreement?

MR. HIBBARD: Yes, your Honor.

BY THE COURT:

Q. Ms. Jones, were you able to hear Mr. West as he summarized the plea agreement?

A. Yes.

Q. Did he accurately summarize it, as far as you understand it?

A. Yes.

Q. You heard me talk to the attorneys about a nonbinding plea agreement. Do you understand what that means, essentially?

A. No.

Q. Let me tell you a little bit about that. There are certain types of plea agreements the parties can enter into. There is one, and that's not involved in this case, that is a binding plea agreement that would require the Court, if I accept the plea agreement, to accept certain provisions of the plea agreement.

There's also a nonbinding plea agreement, which means that I'll have to make a determination as to these various guideline calculations prior to the time of sentencing in your case. Do you understand that, generally?

A. Yes.

Q. All right. As we go through this, if you have other questions or if you don't understand a term that I use, I want you to stop me and ask me because I want to make sure you understand what we're talking about. Okay?

  A. Yes.

[*See* Record No. 28; Transcript of Plea Hearing, pp. 10-12.] The Court then proceeded to review, *inter alia*, the statutory penalties (which included a mandatory minimum five year term of incarceration absent a motion under 18 U.S.C. § 2553(e)), and the rights that the Petitioner was giving up by entering a guilty plea.

  Petitioner Jones was sentenced on April 24, 2006. In preparation for the sentencing hearing, the Probation Office prepared a Presentence Investigation Report which attributed possession of at least one of the firearms to her. Initially, Petitioner's counsel objected to provisions of the presentence report which attributed possession of a firearm to her. However, that objection was later withdrawn [*See* Record No. 44; Minutes of April 24, 2006, Sentencing Hearing.] Because the United States moved the Court for a downward departure under Section 5K1.1 of the United States Sentencing Guidelines and 18 U.S.C. § 2553(e), the Court was able to sentence Jones below the otherwise applicable mandatory minimum sentence of 60 months. And after considering all relevant factors, the Petitioner was sentenced to 42 months imprisonment, to be followed by five years of supervised release. [*See* Record No. 46; Judgment.]

  Jones did not file a direct appeal following entry of Judgment on April 24, 2006, although she specifically reserved the right to do so. However, on July 12, 2006, Jones wrote to the Court to request that the gun enhancement applied to her guideline calculation be removed so that she could: (i) qualify for the 500 hours drug treatment ("RDAP"); (ii) seek the benefit of a twelve month sentence reduction for completion of the RDAP; and (iii) complete the last six months of

her sentence at a half-way house. [Record No. 54] Upon receipt, the Court directed the Clerk of the Court to file Jones' letter. In addition, the Court deemed the letter a request to alter or amend her sentence under Rule 35 of the Federal Rules of Criminal Procedure. However, as explained by the accompanying Order [Record No. 53], the Court denied that motion for lack of jurisdiction.

Petitioner Jones filed the current § 2255 motion on July 6, 2007. In support of her renewed request that the gun enhancement be removed from her guideline calculation and presentence report, the Petitioner claims that she "had no knowledge of any such enhancement during or before [her] sentencing in the court system." [*See* Record No. 57; Habeas Petition, p. 5] With respect to the timeliness of her request, Jones further asserts that, "[i]t was not brought to [her] attention that [she] had such an enhancement until June 2006. [*See* Record No. 57; Habeas Petition, p. 12]

While it appears that the Petitioner's assertion of lack of knowledge of the gun enhancement is false, the Court need not address the merits of this claim because it (and any related claim) is time-barred.

**II.     Legal Analysis**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2255 motions are subject to a one-year limitation period. *See* 28 U.S.C. § 2255. The AEDPA specifically provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
>
> 1)  the date on which the judgment or conviction becomes final;

>    2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6.

According to the Sixth Circuit, "a conviction becomes final for purposes of collateral attack at the conclusion of direct review." *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002); *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). In the present case, the Petitioner had ten days following entry of Judgment on April 24, 2006, to appeal the sentence imposed by the Court. However, no direct appeal was filed. As a result, the one-year period to file a habeas petition commenced April 5, 2006. Thus, the deadline for filing the present motion expired April 4, 2007.

The Court has also considered whether equitable tolling would prevent dismissal of the petition but concludes that it does not. As the Sixth Circuit has cautioned, equitable tolling should be applied "sparingly." *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Jurado v. Burt*, 337 F.3d 638, 642-43 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Further, the burden rests with the petitioner to justify equitable tolling. *Allen v.*

*Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado*, supra, at 642. The factors to be considered in deciding whether to apply any period of equitable tolling include, but are not limited to:

    1) the petitioner's lack of notice of the filing requirement;

    2) the petitioner's lack of constructive knowledge of the filing requirement;

    3) diligence in pursuing one's rights;

    4) absence of prejudice to the respondent; and

    5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim.

*Dunlop v. United States*, 250 F.3d 1001, 1008-09.

In the present case, the Petitioner has failed to offer any argument or support to justify any period of equitable tolling. However, even if she were to assert that the time during which her letter requesting amendment of the judgment was before the Court for consideration, this would justify tolling for only a few days.[1] Thus, her present motion is barred by the one-year limitations period applicable to 28 U.S.C. § 2255 claims.

The final issue for the Court to consider is whether a Certificate of Appealability should issue. Such a certification is appropriate where a petitioner makes a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). This requires the movant to demonstrate that "jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Further, the reviewing court

---

[1] The Petitioner's letter is not dated, but it was received by the Court on July 12, 2006. On the same date, the Court directed that the letter be filed and deemed a motion to alter or amend the Judgment under Rule 35 of the Federal Rules of Criminal Procedure. The motion was denied on the same date. The record indicates that the Court's Order was entered the following day – July 13, 2006. It would have been mailed to the Petitioner on that date and presumably received shortly thereafter.

must indicate which specific issues satisfy the "substantial showing" requirement. *See* 28 U.S.C. § 2253 (c)(3); *see also Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).

In the present case, the Petitioner's § 2255 motion was filed nearly two months after the one-year period for filing such claims expired. The record is totally devoid of any ground that would justify a late filing. Therefore, the Court concludes that Petitioner Jones has not made a "substantial showing" as to any claimed denial of rights.

**III.    Conclusion**

Petitioner Tracy Michelle Jones' motion to vacate, set aside, or correct the sentence imposed on April 24, 2006, was not filed within the one-year limitations period imposed by the AEDPA. Further, there are no grounds which would justify equitably tolling of any significant portion of this one year period. Accordingly, it is hereby

**ORDERED** as follows:

1.    The Petitioner's motion filed pursuant to 28 U.S.C. § 2255 is **DENIED**;

2.    The Court shall not issue a Certificate of Appealability with respect to any issue raised herein.

3.    The civil action [London No. 6: 07-229-DCR] shall be **DISMISSED**, with prejudice, and stricken from the Court's docket.

This 11th day of July, 2007.



Signed By:
*Danny C. Reeves* DCR
United States District Judge